NOTICE
Decision filed 09/05/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220018-U

NO. 5-22-0018

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-CF-155 |
| | ) | |
| WILLIE J. BROWN III, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We reverse the denial, by the circuit court of St. Clair County, of the defendant's request to file a successive postconviction petition, because the defendant's pleadings made a *prima facie* showing of cause and prejudice, which is all that is required at this point. We remand for further proceedings.

¶ 2    The defendant, Willie J. Brown III, appeals the denial, by the circuit court of St. Clair County, of his request to file a successive postconviction petition. For the reasons that follow, we reverse and remand for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4    On December 17, 2021, the defendant, acting in a *pro se* capacity, filed a document entitled "Notice of Petition for Successive Post-Conviction Relief," which the circuit court thereafter construed as a motion for leave to file a successive postconviction petition, along with the proposed

1

petition (hereinafter referred to collectively as "the motion"). Of significance to the issue raised by the defendant in this appeal, in the motion the defendant contended that, *inter alia*, (1) following his 2016 conviction for first degree murder, he was sentenced to a total of 65 years in prison, which included 25 years for a firearm enhancement; (2) he was unsuccessful in his direct appeal, and in his initial postconviction petition; (3) he suffers from "a severe mental illness," which includes "paranoid schizophrenia [and] major depressive disorder"; (4) the jury that convicted him was not informed of his mental illness, but if the jury had been so informed, the jury could have concluded that the defendant thought that he was acting in self-defense when he shot the victim in this case; (5) the defendant was examined by clinical psychologist Dr. Daniel J. Cuneo prior to his trial; (6) Dr. Cuneo thereafter authored a report in which Dr. Cuneo opined that the defendant "suffer[ed] from a substantial disorder of thought, mood, and behavior (Schizophrenia and Major Depressive Disorder) which impaired his judgment and effected [*sic*] his behavior at the time of the alleged offenses"; and (7) the defendant received ineffective assistance of counsel at trial, because his trial counsel did not share Dr. Cuneo's report findings with the jury in an attempt to explain why the defendant felt threatened by, and eventually shot, the victim, believing he was doing so in self-defense. With regard to establishing "cause" for failing to raise this claim in his initial postconviction petition, the defendant alleged that Dr. Cuneo's report was not included in the record on appeal of this case at the time he filed his initial postconviction petition. He also claimed that "prejudice resulted from that failure."

¶ 5    The defendant filed 52 pages of exhibits with his motion. These exhibits, which are discussed in more detail as necessary below, include (1) multiple mental health treatment records of the defendant spanning several years prior to the shooting of the victim in this case, (2) Dr. Cuneo's 2016 pretrial report, (3) transcript receipts from the circuit clerk, (4) partial pretrial and posttrial transcripts, and (5) a December 30, 2019, letter from the defendant's previous appellate

counsel, Daniel R. Janowski, to the defendant stating that Dr. Cuneo's 2016 pretrial report was not included in the record on appeal, because "[i]t appears it was never admitted," and stating that if the defendant wanted a copy of the report, he would have to contact his trial counsel to get a copy.

¶ 6 On December 28, 2021, the circuit court entered an order in which it denied the defendant's motion. Therein, of relevance to this appeal, the circuit court found that (1) the motion "was virtually identical to" an earlier request by the defendant to file a successive postconviction petition in this case, with the sole difference between the two pleadings being that in the motion, "the [d]efendant inserted a different 'cause' for not having raised the claims that he now wishes to assert in his initial postconviction proceedings"; (2) the motion, although somewhat difficult to understand, appeared to raise a claim of ineffective assistance of trial counsel on the basis of trial counsel's failure to admit into evidence Dr. Cuneo's report; (3) the defendant claimed he did not know that the report was not admitted until he received the December 30, 2019, letter from his appellate counsel; (4) the record belied the defendant's present claim, because transcripts in the record showed that trial counsel, in the presence of the defendant, discussed the report, stating that trial counsel did not want it mentioned to the jury, which means that the defendant clearly knew of the existence of the report prior to his 2016 trial, and knew that it was not going to be admitted into evidence; (5) the defendant had "provide[d] no valid explanation, therefore, as to why he did not raise any argument on that issue during the initial postconviction proceedings"; (6) accordingly, the defendant had "failed to establish 'cause' for not having raised" the issue in his initial postconviction petition; (7) due to the defendant's failure to establish cause, the circuit court did not need to reach the issue of whether the defendant established prejudice; and (8) the motion should be, and was, denied. This appeal was timely filed on January 11, 2022. Following several requests for extensions of time to file their briefs that were made by the parties and granted

3

by this court, briefing before this court was completed on May 18, 2023, and the case was placed on the August 2023 docket.

¶ 7                                    II. ANALYSIS

¶ 8     This court reviews *de novo* the circuit court's denial of a motion for leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 13. Section 122-1(f) of the Post-Conviction Hearing Act (725 ILCS 5/122-1(f) (West 2020)) provides that only one postconviction petition may be filed by a petitioner without leave of court, and that leave of court to file a successive petition may be granted only if a petitioner demonstrates cause for the petitioner's failure to bring the claim in the petitioner's initial postconviction proceedings, and further demonstrates that prejudice resulted from that failure. Cause is shown by a petitioner "by identifying an objective factor that impeded" the petitioner's ability to raise the claim in question in the initial postconviction proceedings, and prejudice is shown "by demonstrating that the claim not raised [in the initial postconviction proceedings] so infected the trial that the resulting conviction or sentence violated due process." *Id.* The Illinois Supreme Court has interpreted section 122-1(f) to mean that to meet the foregoing cause-and-prejudice test, a petitioner must submit enough documentation to allow the circuit court to make the appropriate determination, and has further held that a motion for leave to file a successive postconviction petition should be denied if it is *clear* to the court, after reviewing the proposed successive petition and the documentation accompanying it, "that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Bailey*, 2017 IL 121450, ¶ 21. The determination of whether the motion for leave to file a successive postconviction petition has made a *prima facie* showing of cause and prejudice is a question of law to be determined by the circuit court, without substantive input on the question from the State. *Id.* ¶ 24. Although a *prima facie* showing of cause and prejudice requires adequate

4

*pleading* of cause and prejudice, it does not require, at this stage, *proof* of cause and prejudice, because such a requirement would " 'render the entire three-stage postconviction process superfluous' " in light of the fact that " '[s]ection 122-1(f) does not provide that a petitioner is entitled to relief upon satisfaction of the cause-and-prejudice test,' " but instead merely " 'gives a petitioner an avenue for filing a successive postconviction petition.' " *Id.* ¶ 22 (quoting *People v. Smith*, 2014 IL 115946, ¶ 29). "If the court determines that cause and prejudice have been adequately alleged and allows the petition to be filed, it advances to the three-stage process for evaluating postconviction petitions," which means that at some point "the State would have an opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to *prove* cause and prejudice for not having raised the claims in the initial postconviction petition." (Emphasis added.) *Id.* ¶ 26.

¶ 9    The sole argument raised on appeal by the defendant in this case is his contention that the circuit court erred when it denied the motion, because the motion established, as required by the applicable Illinois precedent discussed above, *prima facie* cases for both cause and prejudice with regard to the defendant's failure to bring his present claim in his initial postconviction petition. He argues that, accordingly, the motion should have been granted, and he should have been allowed to file his successive postconviction petition for consideration by the circuit court. With regard to establishing cause, the crux of the defendant's argument on appeal is that although it is clear from the record that the defendant knew of the existence of Dr. Cuneo's report prior to his trial, the defendant was not able to actually obtain the report until after he filed his initial postconviction petition. He argues that, accordingly, the record does not establish that at the time he filed his initial petition, he knew that the report's contents supported a claim of ineffective assistance of trial counsel on the basis of trial counsel's failure to use the report to support the defendant's claim, made at trial, that he possessed an unreasonable belief that he was acting in self-defense, and

5

therefore was guilty only of second degree murder, not first degree murder. The defendant points out that two *pro se*, unruled-upon motions, filed by the defendant and contained within the record on appeal, show the unsuccessful attempts made by the defendant—in July 2019 and June 2020, long after the November 8, 2018, denial of his initial postconviction petition—to obtain the report. The defendant also points to the December 30, 2019, letter to the defendant from his previous appellate counsel, Daniel R. Janowski, stating that (1) the report apparently never was admitted into evidence, (2) it was not in the record on appeal, and (3) if the defendant wanted a copy of the report, the defendant would have to obtain it from his trial counsel. The defendant argues that based upon the foregoing, "[b]ecause Dr. Cuneo's report was absent from the record, [the defendant] made a *prima facie* showing of cause why he could not have raised the claim in his" initial postconviction petition. The defendant further argues that the circuit court misapprehended the motion when the circuit court focused on the fact that the record showed that the defendant was aware of the report in 2016 and knew it was not going to be admitted into evidence at his trial, because when the defendant knew of the *existence* of the report was not the point raised in the motion: the key point raised in the motion was that the record does not establish that the defendant knew of the entire *contents* of the report, and that they supported a claim of ineffective assistance of trial counsel, until he actually obtained the report, which was after the denial of his initial postconviction petition. He also points out that without the report to corroborate his claim, he could not have raised the claim in the initial postconviction petition—even if he was aware of the claim at that time—because a postconviction petition must be accompanied by documents that support its claims.

¶ 10    With regard to establishing prejudice, the crux of the defendant's argument on appeal is that the defendant "made a *prima facie* case of prejudice as a reasonably effective counsel would have presented evidence of [the defendant's] mental illness and as there was a reasonable

6

probability that [the defendant] would have been convicted of second degree murder had trial counsel done so." He points out that although at trial, his counsel attempted to present a defense of an unreasonable belief on the behalf of the defendant that the defendant was acting in self-defense when he shot the victim, "given the lack of evidence that [the defendant's] judgment was impaired by mental illness, the jury had no rational basis to find that [the defendant] possessed an unreasonable belief he was acting in self-defense." He argues that had trial counsel presented Dr. Cuneo's report to the jury, the jury would have had such a basis: Dr. Cuneo's expert opinion, contained within the report, that the defendant suffered from schizophrenia and major depressive disorder, and his expert opinion that the defendant's mental illness was a "substantial" disorder that "impaired his judgment" and that affected his behavior at the time of the offense. He points out that Dr. Cuneo opined that the defendant's mental illness was a "major factor in contributing to his actions" and that he believed that the defendant could be found guilty but mentally ill. He further points out that in closing argument at the defendant's trial, the State argued that there was no evidence to reduce the offense to second degree murder, an argument the State could not have made had the jury been presented with Dr. Cuneo's report.

¶ 11    In response, the State argues that the circuit court was correct that the defendant clearly knew of the report at the time of his 2016 trial, and that this is sufficient reason to affirm the ruling of the circuit court. The State posits that the defendant could have raised his claim in his initial postconviction petition even without the report, by submitting an affidavit in support of the claim instead of submitting the report itself. Inexplicably, the State argues that the defendant's actual innocence claim fails, even though the defendant has not raised an actual innocence claim in this appeal. The State does not attempt to contest the defendant's argument on appeal with regard to the motion making a *prima facie* case for prejudice.

7

¶ 12    The defendant, in his reply brief, counters that on appeal the State has misapprehended the motion in the same manner that the circuit court misapprehended it: by conflating the defendant's knowledge of the *existence* of the report with his knowledge of the entire *contents* of the report. The defendant points out that the timing of the former is undisputed but irrelevant, and that the timing of the latter is not established by the record. The defendant takes issue with the idea that an affidavit could have replaced the report, noting that the State does not suggest from whom such an affidavit could have been obtained, which is a point well-taken, especially in light of the fact that the current record does not demonstrate that the defendant even knew that this particular claim existed at the time he filed his initial postconviction petition, because he had not yet had access to the report. Finally, the defendant points out that the State "does not contest that [the defendant] met the prejudice prong" in this case.

¶ 13    With regard to making a *prima facie* case for cause, we agree with the defendant that both the circuit court and the State on appeal have misapprehended the motion. We reiterate that, as explained above, although a *prima facie* showing of cause and prejudice requires adequate *pleading* of cause and prejudice, it does not require, at this stage, *proof* of cause and prejudice, because such a requirement would " 'render the entire three-stage postconviction process superfluous' " in light of the fact that " '[s]ection 122-1(f) does not provide that a petitioner is entitled to relief upon satisfaction of the cause-and-prejudice test,' " but instead merely " 'gives a petitioner an avenue for filing a successive postconviction petition.' " *Bailey*, 2017 IL 121450, ¶ 22 (quoting *Smith*, 2014 IL 115946, ¶ 29). We agree with the defendant that the motion adequately pleads cause in this case, and that the circuit court misapprehended the motion when the circuit court focused on the fact that the record showed that the defendant was aware of the report in 2016 and knew it was not going to be admitted into evidence at his trial. As the defendant correctly argues before this court, when the defendant knew of the *existence* of the report is not

the point raised in the motion: the key point raised in the motion—and misunderstood both by the circuit court, and by the State on appeal—is that the record does not establish that the defendant knew of the entire *contents* of the report, and that they supported a claim of ineffective assistance of trial counsel, until he actually obtained the report, which was after the denial of his initial postconviction petition. The defendant also correctly notes that the motion is supported by not only Dr. Cuneo's report, which he has now obtained, but also by (1) the two *pro se*, unruled-upon motions, filed by the defendant and contained within the record on appeal, that show the unsuccessful attempts made by the defendant—in July 2019 and June 2020, long after the November 8, 2018, denial of his initial postconviction petition—to obtain the report, and (2) the December 30, 2019, letter to the defendant from his previous appellate counsel, Daniel R. Janowski, stating that (a) the report apparently never was admitted into evidence, (b) it was not in the record on appeal, and (c) if the defendant wanted a copy of the report, the defendant would have to obtain it from his trial counsel. We agree with the defendant's statement that based upon the foregoing, "[b]ecause Dr. Cuneo's report was absent from the record, [the defendant] made a *prima facie* showing of cause why he could not have raised the claim in his" initial postconviction petition. This is buttressed by his point that without the report to corroborate his claim, he also could not have raised the claim in the initial postconviction petition—even if he was aware of the claim at that time—because a postconviction petition must be accompanied by documents that support its claims.

¶ 14    With regard to the only other substantive argument made by the State on appeal—that the defendant could have raised his claim in his initial postconviction petition even without the report, by submitting an affidavit in support of the claim instead of submitting the report itself—we agree with the defendant that this argument is rather imprecise, as it never identifies from whom such an affidavit purportedly should have been obtained. Moreover, the defendant is also correct that the

9

State's argument fails to account for the fact that the current record does not demonstrate that the defendant even knew that this particular claim existed at the time he filed his initial postconviction petition, because he had not yet obtained the report at that time. Obviously, there can be no requirement that a defendant file an affidavit in support of a claim the defendant has not yet discovered.

¶ 15    With regard to prejudice, the defendant is correct that on appeal the State has not contested, at all, that the defendant made a *prima facie* case for prejudice. Accordingly, the State has forfeited consideration of that question on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing); see also *People v. Artis*, 232 Ill. 2d 156, 178 (2009) (rules of forfeiture in criminal proceedings are applicable to the State as well as to the defendant). Forfeiture notwithstanding, we agree with the defendant that the motion adequately pleads a *prima facie* case of prejudice. The defendant is correct that at the defendant's trial, although trial counsel attempted to present a defense of an unreasonable belief on the behalf of the defendant that the defendant was acting in self-defense when he shot the victim, trial counsel provided the jury with no objective, corroborating evidence to support a finding of second degree murder, even though trial counsel had at his disposal Dr. Cuneo's report, which would have informed the jury of Dr. Cuneo's expert opinion, contained within the report, that the defendant suffered from schizophrenia and major depressive disorder, and his expert opinion that the defendant's mental illness was a "substantial" disorder that "impaired his judgment" and that affected his behavior at the time of the offense. The report also would have informed the jury that Dr. Cuneo opined that the defendant's mental illness was a "major factor in contributing to his actions" and that he believed that the defendant could be found guilty but mentally ill. Finally, the report could have

10

foreclosed the State's closing argument that there was no evidence to reduce the offense to second degree murder. Thus, the motion and supporting documents present a *prima facie* case for prejudice, adequate to allege that reasonably effective counsel would have presented the available evidence of the defendant's mental illness, and adequate to allege that there was a reasonable probability that the defendant would have been convicted of second degree murder had trial counsel done so.

¶ 16     We take no position with regard to whether the defendant can prevail in the circuit court on remand. We again reiterate that at this point in the proceedings, a *prima facie* showing of cause and prejudice requires only the adequate *pleading* of cause and prejudice, not *proof* of cause and prejudice. *Bailey*, 2017 IL 121450, ¶ 22. Finally, we note that the State's forfeiture in this appeal does not foreclose the State from mounting a more vigorous defense against the defendant's successive postconviction petition on remand, at the appropriate time. See *id.* ¶ 26 ("If the court determines that cause and prejudice have been adequately alleged and allows the petition to be filed, it advances to the three-stage process for evaluating postconviction petitions," which means that at some point "the State would have an opportunity to seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition.").

¶ 17                                   III. CONCLUSION

¶ 18     For the foregoing reasons, we reverse the order of the circuit court of St. Clair County that denied the defendant's motion and remand for further proceedings.

¶ 19     Reversed and remanded.

11